HENRY M. SUSSWEIN and Another, Petitioners, *v.* FRANK FRANKEL and Others, Defendants.

Supreme Court, Nassau County, August 18, 1931.

*Otto Greenberger* [*David Ticktin* of counsel], for the petitioner.

*David B. Tolins, Corporation Counsel of the City of Long Beach,* for Frank Frankel.

DODD, J. This is a motion for a temporary injunction restraining the defendant Elias from functioning as an associate judge of the City Court of the city of Long Beach, and restraining the defendant Hogan, as treasurer, from disbursing public funds for the payment of salary to the said Elias.

The charter of the city of Long Beach (Laws of 1922, chap. 635, as amd.) provides for the election of a city judge and the appointment by the mayor of an acting city judge. Both these offices are filled with incumbents other than the defendant Elias. Pursuant to a local law enacted by the city council of the city of Long Beach the defendant Elias was appointed and now functions. The act of the local legislature in attempting to create an additional judgeship was illegal and its ordinance of no effect. The Constitution of the State of New York (Art. VI, § 18) confers upon the Legislature of the State exclusive power to establish local courts of civil and criminal jurisdiction. This power has not been conferred upon local legislatures, and indeed, in the absence of constitutional authority, the State Legislature has no power to delegate to a local legislative body an authority vested exclusively in itself by the Constitution. The City Court of the city of Long Beach is part of the judicial system of the State, and, accordingly, the attempt of a local legislative body to affect the organization of the court or its personnel is a usurpation of a State function and of no avail.

The defendant Elias contends that his right to the office cannot be tested in this action, but must be the subject of a quo warranto proceeding. This contention is not sustainable under the authorities. In view of the fact that the purported action of the local legislature was illegal, there is no such office as associate judge of the City Court of the city of Long Beach, and, therefore, neither the defendant Elias nor any other person could assert a claim against a non-existent office. Payment of compensation to Elias func-

tioning under an invalid designation is without warrant of law and a waste of public funds.

Accordingly, the motion for an injunction restraining the defendant Elias from functioning as an associate judge of the City Court of the city of Long Beach, and the city treasurer from paying him compensation, is granted.   Settle order on notice.